# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CRIMINAL NO. 1:07cr32-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| RODNEY LAMONT ALLEN. ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* motion, filed December 7, 2011, regarding the return of property seized from the Defendant during his arrest. [Doc. 210].

On April 3, 2007, the Defendant was charged along with five co-defendants in a Bill of Indictment with conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Indictment, Doc. 1]. At his initial appearance, attorney Janna Allison was appointed to represent him. On July 9, 2007, the Defendant pled guilty to the lesser offense of possession with intent to distribute crack cocaine. On January 28, 2008, he was sentenced to a term of 188 months of imprisonment and five years of supervised release and ordered to pay a $100 assessment.

[Judgment, Doc. 120]. The Defendant did not appeal his conviction or sentence.

In his present motion, the Defendant asserts that at the time of his arrest, $8,100.00 in cash was seized from his person by DEA agents. He asks the Court to order Ms. Allison to file a motion for the return of this property on his behalf.[1]

The criminal proceeding against the Defendant has been completed and thus he is no longer represented by counsel in this case. If the Defendant desires to pursue the return of his property, he must do so *pro se*. To the extent that the Defendant seeks an order requiring Ms. Allison file a motion on his behalf, therefore, his motion is denied.

To the extent that the Defendant's motion can be construed as a *pro se* motion for the return of property, the Court will order the Government to respond thereto.

---

[1] The Defendant asserts that he raised this issue previously with the Magistrate Judge at a status of counsel hearing, and that the Magistrate Judge "ordered [his] counsel to file the necessary motion to have the monies returned." [Doc. 210 at 1]. A review of the FTR recording of that hearing, which occurred on January 9, 2008, reveals that the Defendant's characterization of the Court's instruction is not entirely accurate. When the Defendant raised the issue of the seized property, counsel advised the Court that she was not aware of the issue. The Magistrate Judge then asked counsel to "look into" the matter, and counsel responded that she would.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for an Order to directing counsel to file a motion for return of property is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Government shall respond to the Defendant's request for the return of property within thirty (30) days of the entry of this Order.

**IT IS SO ORDERED.** Signed: January 9, 2012

Martin Reidinger
United States District Judge