**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL CASE NO. 1:07cr32-1**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| **RODNEY LAMONT ALLEN.** | ) | |
| —————————————————— | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Reconsideration [Doc. 248].

**I.    PROCEDURAL BACKGROUND**

On April 3, 2007, the Defendant was charged with conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a).  [Doc. 1]. On April 19, 2007, the Government filed a notice pursuant to 21 U.S.C. § 851, notifying the Court and the Defendant that it intended to seek enhanced penalties based on Defendant's prior conviction of a felony drug offense.  [Doc. 20].  On July 9, 2007, the Defendant pled guilty to the conspiracy offense in accordance with a written plea agreement in which the parties stipulated that the Defendant was responsible for between 50 and 150 grams of crack.

The Defendant's preliminary Guidelines range of imprisonment, based on a total offense level of 32 and a criminal history category of IV, was between 168 and 210 months. Because of the Defendant's prior convictions and the § 851 Information filed by the Government, however, the Defendant was subject to a mandatory minimum sentence of twenty years' imprisonment. Prior to sentencing, the Government filed a motion seeking a downward departure pursuant to U.S.S.G. § 5K1.1 to reflect the Defendant's substantial assistance. [Doc. 116]. In its motion, the Government recommended a reduction of the 240-month mandatory minimum to a range of 188-235 months' imprisonment. [Id.]. The Court granted the Government's motion, and the Defendant was sentenced to a term of 188 months. [Doc. 120].

On June 4, 2012, the Defendant filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the United States Sentencing Guidelines regarding crack cocaine offenses. [Doc. 226]. On August 10, 2012, the Court entered an Order denying the Defendant's motion. [Doc. 245].

On August 20, 2012, the Defendant filed a Notice of Appeal of the Court's Order. [Doc. 249].[1] On the same day, the Defendant filed the present

---

[1]The Defendant's Notice of Appeal was postmarked August 20, 2012 and was received by the Court on August 22, 2012. Because a notice of appeal is deemed filed

motion for reconsideration, seeking to correct an error in the Court's Order regarding the calculation of the Defendant's criminal history category and the Court's determination that the application of Amendment 750 provides no change in the guideline calculations in this case. [Doc. 248]. The Defendant further requests that the Court hold his appeal in abeyance pending a ruling on his motion to reconsider. [Id.].

## II.    DISCUSSION

Ordinarily, the filing of a notice of appeal divests the district court of jurisdiction over a case. See United States v. Wooden, 230 F. App'x 243, 244 (4th Cir. 2007). A pending appeal, however, does not divest the district court of jurisdiction to consider a timely filed motion to correct a sentence under Federal Rule of Criminal Procedure 35(a). See Fed. R. App. P. 4(b)(5). While the Defendant purports to file his motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [see Doc. 248 at 1], the Defendant clearly filed his motion in order to correct a perceived error in the Court's Order. Accordingly, the Court will construe the Defendant's motion as one seeking relief pursuant to Rule 35(a) and will therefore consider the merits of the Defendant's motion.

---

upon delivery to prison authorities, the Court considers the Defendant's Notice of Appeal to have been filed as of August 20, 2012. See United States v. Moore, 24 F.3d 624, 625-26 (4th Cir. 1994).

Section 3582(c)(2) of Title 18 provides that in the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the Court may reduce the term of imprisonment, "after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).

In the present case, under U.S.S.G. § 2D1.1(c), as amended, the Defendant's total offense level was a level 30.  Id. § 2D1.1(c) (2011).  Based on an amended offense level of 30 and a criminal history category of IV, the preliminary Guidelines range of imprisonment was between 135 and 168 months.  Because of Defendant's propr convictions, however, 21 U.S.C. §851 dictated that he faced a mandatory minimum sentence of 240 months.  Thus, pursuant to U.S.S.G. §5G1.1(b) Defendant's guideline range became the mandatory minimum.  This remained unchanged after Amendment 750.  In other words, the amended Guidelines did not impact the applicability of the minimum sentence mandated by statute.  Because Amendment 750 did not lower the statutory mandatory minimum term of imprisonment applicable to the Defendant, he was not eligible for a reduced sentence under § 3582(c)(2).

United States v. Hood, 556 F.3d 226, 232-37 (4th Cir. 2009); United States v. Freeman, No. 4:06CR00016, 2012 WL 178354, at *6 (W.D. Va. Jan. 23, 2012), aff'd, No. 12-6162, 2012 WL 2312078 (4th Cir. Jun. 19, 2012).

Because the Defendant is not eligible for a sentence reduction under Amendment 750, the Court properly denied the Defendant's motion for a reduction of sentence. The Defendant's motion for reconsideration is therefore denied.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Reconsideration [Doc. 248] is **DENIED**.

**IT IS SO ORDERED**.

Signed: August 27, 2012

Martin Reidinger
United States District Judge